IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
APR - 9 2013
CLERK, U.S. DISTRICT COURT
By_____
        Deputy

| | |
|---|---|
| SHAWN W. JOHNSON, | § |
| | § |
| Plaintiff, | § |
| | § |
| VS. | § NO. 4:13-CV-213-A |
| | § |
| MORTGAGE FACTORY INC., D/B/A | § |
| MORTGAGES DIRECT, ET AL., | § |
| | § |
| Defendants. | § |

### MEMORANDUM OPINION
### and
### ORDER

The court has not been persuaded that it has subject matter jurisdiction over the above-captioned action. Therefore, the court is ordering the action remanded to the state court from which it was removed.

### I.

### Background

Plaintiff, Shawn Johnson, initiated this action by the filing of his original petition, request for temporary restraining order, and application for temporary injunction in the District Court of Tarrant County, Texas, 48th Judicial District, naming as defendants Mortgage Factory Inc., d/b/a Mortgages Direct ("Mortgage Factory") and JPMorgan Chase Bank,

National Association ("Chase").[1] By notice of removal filed March 14, 2013, Chase removed the action to this court, alleging that this court had subject matter jurisdiction by reason of diversity of citizenship, as contemplated by 28 U.S.C. § 1332, and that the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, as contemplated by § 1332(a).

In the notice of removal, Chase alleged that "[i]n actions seeking declaratory or injunctive relief the amount in controversy is measured by the value of the object of the litigation." Notice of Removal at 3 (citation omitted). Chase further argued that because plaintiff in this case seeks to prevent Chase from foreclosing on his property and also seeks a declaration quieting title to the property in his name, the fair market value of the property constitutes the amount in controversy. Because the Tarrant County Appraisal District showed the value of plaintiff's property at $96,900.00, Chase claimed it had established the amount in controversy.

---

[1] Chase alleged that Mortgage Factory was improperly joined as a defendant and thus its citizenship should not be considered for diversity purposes. Mortgage Factory did not join in the removal. Given the court's conclusion that Chase has failed to establish the amount in controversy, the court need not reach the question of improper joinder.

2

Because of a concern that Chase had not provided the court with information that would enable the court to find the existence of the requisite jurisdictional amount, the court ordered Chase to file an amended notice of removal, together with supporting documentation, showing that the amount in controversy exceeds the jurisdictional amount.  Chase timely complied with the court's order.

II.

Basic Principles

The court starts with a statement of basic principles announced by the Fifth Circuit:

"The removing party bears the burden of showing that federal subject matter jurisdiction exists and that removal was proper." Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002).  "Moreover, because the effect of removal is to deprive the state court of an action properly before it, removal raises significant federalism concerns, which mandate strict construction of the removal statute."[2]  Carpenter v. Wichita

---

[2] The removal statute, 28 U.S.C. § 1441(a) provides, in pertinent part, that:
[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to
(continued...)

Falls Indep. Sch. Dist., 44 F.3d 362, 365-66 (5th Cir. 1995). Any doubts about whether removal jurisdiction is proper must therefore be resolved against the exercise of federal jurisdiction. Acuna v. Brown & Root Inc., 200 F.3d 335, 339 (5th Cir. 2000).

To determine the amount in controversy, the court ordinarily looks to the plaintiff's state court petition. Manguno, 276 F.3d at 723. If it is not facially apparent from the petition that the amount in controversy exceeds the required amount, the removing party must set forth summary judgment-type evidence, either in the notice of removal or in an affidavit, showing that the amount in controversy is, more likely than not, greater than $75,000. Id.; Allen v. R & H Oil & Gas Co., 63 F.3d 1326, 1335 (5th Cir. 1995). The amount in controversy is measured from the perspective of the plaintiff. See Garcia v. Koch Oil Co. of Texas Inc., 351 F.3d 636, 640 n.4 (5th Cir. 2003).

---

²(...continued)
the district court of the United States for the district and division embracing the place where such action is pending.

(emphasis added).

4

III.

The True Nature of Plaintiff's Claims

The petition by which plaintiff initiated this action in the state court does not specify a dollar amount of recovery sought, nor does it define in any way the value of the right sought to be protected or the extent of the injury sought to be prevented. Rather, the allegations of the petition are typical of many state court petitions that are brought before this court by notices of removal in which the plaintiff makes vague, general, and obviously legally baseless allegations in an attempt to frustrate the procedures a lender is pursuing, or has pursued, to regain possession of residential property the plaintiff used as security for the making of a loan.

As the court has been required to do in other cases of this kind, the court has undertaken an evaluation of the true nature of plaintiff's claims. Having done so, and having considered the authorities and arguments cited by Chase in the amended notice of removal, the court remains unpersuaded that the amount in controversy exceeds the required jurisdictional minimum.

In the case at bar, plaintiff alleged that in September 2001

he executed a series of documents, including a note and deed of trust, to secure the purchase of his property. The original beneficiary and nominee under the deed of trust was Mortgage Factory. Plaintiff contends that the loan was securitized, with the note purportedly transferred into a securitized trust. Plaintiff alleges that any purported transfer of the note and deed of trust was invalid for various reasons, including that the note and deed of trust were not properly assigned, the transfer of the promissory note into the trust was void and failed to comply with the proper pooling and servicing agreement and New York Law, so that any security interest in the property was never perfected. Accordingly, in plaintiff's view, neither of the defendants has a perfected claim in plaintiff's property and they are estopped from asserting such a claim.

In the amended notice of removal Chase reurged its argument that because plaintiff challenges Chase's right to enforce the deed of trust and seeks to completely invalidate the deed of trust, the value of the property constitutes the amount in controversy. A careful reading of the state court petition shows

that plaintiff asks that the court afford plaintiff the right "to maintain the status quo between the parties pending resolution of the present dispute." Notice of Removal, Ex. A-2 at 8. The petition further asks the court to enjoin foreclosure on the property "pending a trial on the merits." Id. Thus, while plaintiff in the petition disputes Chase's claim to an ownership interest or its right to foreclose on the property, he also tacitly admits that the property may be subject to foreclosure by whoever is the holder of the note and deed of trust. Such an admission hardly can be construed as a claim to outright ownership of the property.

Chase also relies in part on Waller v. Professional Insurance Corporation, 296 F.2d 545, 547-48 (5th Cir. 1961), to support its contentions as to the amount in controversy. This court has previously explained its reasoning for finding Waller inapposite to determining the amount in controversy in cases such as the instant action, see Ballew v. America's Servicing Co., No. 4:11-CV-030-A, 2011 WL 880135 (N.D. Tex. Mar. 14, 2011), and Chase has failed to persuade the court otherwise.

Chase also argues that plaintiff's contention that his

7

damages include "costs of the loan" likely means the value of the loan, which is in the amount of $106,657.00. The court finds this argument speculative at best. The phrase "costs of the loan" is ambiguous, and nothing in the petition gives the court an indication of what that amount might be. Had plaintiff intended to seek damages equal to the value of the loan, he could have easily said just that in the petition.

Although Chase has provided the court with documents showing that the original amount of plaintiff's note to purchase the property and the appraised value of the property each exceeds $75,000, it has failed to persuade the court that either amount constitutes the amount in controversy. No other information has been provided to the court that would enable the court to place a value on the interest plaintiff seeks to protect by this action. Thus, Chase has not shown by a preponderance of the evidence that the amount in controversy in this action exceeds $75,000, exclusive of interest and costs. Consequently, the court lacks subject matter jurisdiction over the action, and it should be remanded to the state court from which it was removed.

IV.

Order

Therefore,

The court ORDERS that this action be, and is hereby, remanded to the state court from which it was removed.

SIGNED April 9, 2013.

_____
JOHN McBRYDE
United States District Judge